Slip Op. 13 - 145

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BEST KEY TEXTILES CO., LTD., | |
| Plaintiff, | |
| v. | Before: R. Kenton Musgrave, Senior Judge<br>Court No. 13-00367 |
| UNITED STATES, | |
| Defendant, | |

## OPINION

[Denying plaintiff's motion for unredacted versions of defendant's confidential third and final supplement to the administrative record.]

Dated: December 4, 2013

*John M. Peterson*, *Maria E. Celis*, *Richard F. O'Neill*, *George W. Thompson*, and *Russell A. Semmel*, Neville Peterson LLP of New York, NY, for the plaintiff.

*Amy M. Rubin*, Acting Assistant Director, Commercial Litigation Branch, U.S. Department of Justice, of New York, NY, for the defendant.

Musgrave, Senior Judge:   The plaintiff, Best Key Textile, Inc., invoked the court's jurisdiction under 28 U.S.C. §1581(h), or alternatively 28 U.S.C. § 1581(i)(4), to seek pre-importation judicial review of U.S. Customs and Border Protection's ("Customs") Headquarters Ruling Letter HQ H202560, 47 Cust. Bull. & Dec. 41 (Sep. 17, 2013) ("Revocation Ruling") revoking New York Customs Ruling N187601 (Oct. 25, 2011) (the "Yarn Ruling").  Certain procedural background leading up to the filing of this matter is set forth in *Best Key Textiles, Inc. v. United States*, Slip Op. 13-135 (Nov. 4, 2013) (holding the Revocation Ruling, which becomes

effective 60 days after publication, deemed published October 17, 2013), familiarity with which is presumed. As in that case, this matter is attempting to adhere to an expedited litigation schedule. *See* ECF No. 23 (Nov. 6, 2013).

This opinion addresses only the plaintiff's motion to compel the defendant to provide the plaintiff with un-redacted versions of the defendant's confidential third and final supplement to the administrative record. *See* ECF No. 44 (motion for leave to file public version of final supplement to the administrative record); ECF No. 46 (granting motion for leave); ECF No. 49 (confidential version of final supplement). The precise motion was raised during the in-person emergency status conference convened yesterday, also upon motion therefor from the plaintiff.

At the conclusion of the conference, the court agreed to inspection and evaluation, *in camera*, of the un-redacted portions of the administrative record documents over which the defendant asserted privilege of attorney-client or pursuant to the inter-agency exemption of 5 U.S.C. §552(b)(5). The court has done so and also considered the law upon which the plaintiff claims entitlement. *See Brennan Center for Justice at New York University School of Law v. U.S. Department of Justice*, 697 F.3d 184 (2nd Cir. 2012); *Fund for Animals v. Williams*, 391 F. Supp. 2d 191 (D.D.C. 2005); *see also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975); *National Council of La Raza v. Department of Justice*, 411 F.3d 350 (2nd Cir. 2005); *Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473 (2nd Cir. 1999); *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854 (D.C. Cir. 1980); 81 *Am. Jur. 2d*, Witnesses §517; Charles Alan Wright, Kenneth W. Graham, Jr., Victor James Gold, Michael H. Graham, 26A *Fed. Prac. & Proc. Evid.*

§5680 (1st ed.). The court has also considered the plaintiff's brief filed in opposition to the defendant's claim of privilege.

The plaintiff argues that the government has "sought to designate" the contested redactions "as the basis of its decision to revoke *NY N187601*, and as the reasons why it will no doubt claim its revocation was not arbitrary, capricious or contrary to law." Pl's Br. in Opposition at 3. The plaintiff's argument rests on its reading of *Brennan*'s mention of "referencing a protected document as authoritative". *See* 697 F.3d at 205. However, the defendant has not "referenced" or mentioned any of the contested redacted content as "authoritative" publically, as yet; it has only filed as part of "the" administrative record non-redacted portions of certain documents.

The court's *in camera* inspection of the redacted portions complies with USCIT Rule 26(b)(5)(A)(ii), and it finds that all of the claimed redactions are predecisional and deliberative, and that none may fairly be characterized as "final" in the sense of having been adopted formally or informally within the contours of the Revocation Ruling or as having expressed the "working law" of Customs. *See Sears*, 421 U.S. at 153; *La Raza*, 411 F. 3d at 356-57. Some documents also express communications over which the attorney-client privilege attaches. *See*, *e.g.*, *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *Elkem Metals Co. v. United States*, 24 CIT 1395, 126 F. Supp. 2d 567 (2000). Customs has not abused its discretion in redacting parts of the final supplement to the administrative record from public scrutiny.

The parties will proceed accordingly.

**So ordered**.

Dated: December 4, 2013                                                    /s/ R. Kenton Musgrave
      New York, New York                                               R. Kenton Musgrave, Senior Judge