Slip Op. 15 - 63

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| BEST KEY TEXTILES CO. LTD., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Before:  R. Kenton Musgrave, Senior Judge |
| | : | Court No. 13-00367 |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**OPINION**

[Plaintiff's revived motion to transfer denied; matter re-dismissed again, *per* appellate instruction.]

Decided:  June 18, 2015

*John M. Peterson*, *Maria E. Celis*, *Russell A. Semmel*, *Richard F. O'Neill*, and *Elyssa R. Emsellem*, Neville Peterson LLP of New York, NY, for the plaintiff.

*Marcella Powell* and *Beverly A. Farrell*, Trial Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for the defendant. With them on the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, and *Amy M. Rubin*, Assistant Director, International Trade Field Office.  Of counsel on the brief was *Paula S. Smith*, Attorney, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

Musgrave, Senior Judge:  The Court of Appeals for the Federal Circuit ("CAFC" or "Federal Circuit") having agreed with the defendant's argument that "this action should be dismissed for lack of jurisdiction", *see* Br. for Def.-Appellee United States, CAFC 2014-1327, at 14 & 47, but

in lieu thereof[1] having curiously remanded "with instructions to dismiss"[2] for lack of jurisdiction yet again, the plaintiff has thus been presented opportunity to revive its motion, previously denied as moot, to transfer this action to the United States District Court for the District Columbia. *See* USCIT Rule 7(b); 28 U.S.C. § 1631 ("transfer statute").

Familiarity with prior proceedings is presumed. *See* Slip Op. 13-148 (Dec. 13, 2013), Slip. Op. 14-22 (Feb. 25, 2014), *vacated and remanded*, 777 F.3d 1356 (Fed. Cir. 2015). As part of its appeal to the Federal Circuit of those dismissal(s) of its claims, the plaintiff did not raise (as it should have, in order to air) this court's earlier denial of its motion to transfer, nor did it raise the issue of transfer in responding to the defendant's appeal of this court's earlier reconsideration of subject matter jurisdiction, nor did it otherwise raise the matter of transfer with the appellate panel. Nonetheless, the plaintiff now revives its assertion, to wit that if this court does not have jurisdiction under 28 U.S.C. §1581(i) to review the plaintiff's claim, then the District Court for the District of Columbia is one that does.

Transfer pursuant to 28 U.S.C. §1631 is warranted if (a) transfer is "in the interest of justice," and (b) the action "could have been brought" in the District Court for the District of Columbia. *See Butler v. United States*, 30 CIT 832, 837, 442 F. Supp. 2d 1311, 1317 (2006) (citation omitted). The plaintiff argues that transfer is in the interests of justice because it is "an

---

[1] *Cf.*, *e.g.*, *Veltmann-Barragan v. Holder*, 717 F.3d 1086 (9th Cir. 2013) (vacated and dismissed); *County of Sonoma v. Federal Housing Finance Agency*, 710 F.3d 987 (9th Cir. 2013) (vacated and dismissed); *Physician Hospitals of America v. Sebelius*, 691 F.3d 649 (5th Cir. 2012) (vacated and dismissed); *US Ecology, Inc. v. U.S. Dept. of Interior*, 231 F.3d 20 (D.C. Cir. 2000) (vacated and dismissed). *Cf. Ad Hoc Shrimp Trade Action Committee v. United States*, 35 CIT ___, Slip Op. 11-71 (June 21, 2011).

[2] 777 F.3d at 1357.

Court No. 13-00367 Page 3

aggrieved party with standing to challenge the Revocation Ruling under the [Administrative Procedure Act] and therefore should be afforded the opportunity to have its claims heard before a District Court." Pl's Br. on Renewed Mot. to Transfer at 8, ECF No. 90 (Mar. 27, 2015). It also asserts that the action could have been brought in the U.S. District Court for the District of Columbia because that court "can provide complete relief" since "it has original jurisdiction over APA claims, which present Federal questions." Pl's Mot. Br. at 10, referencing 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

On whether transfer is in the interest of justice, if the plaintiff is not implicitly arguing that the court should disregard the Federal Circuit mandate's explicit instructions, it is explicitly arguing that the mandate is limited and does not address the matter of transfer under the transfer statute. Determining the law of the case, therefore, is necessary to considering the plaintiff's revived motion.

The plaintiff's own arguments answer that question. At oral argument, the plaintiff cleverly contended that even though it did not raise the issue of transfer during appeal, it did not "waive" pressing the "right" to transfer because a court has an "independent duty to consider transfer where it's been found without subject matter jurisdiction".[3] That knife cuts both ways, however.

---

[3] Transcript of Oral Argument of May 28, 2015 ("Tr.") at 5-6, ECF No. 97 (June 11, 2015). "The [transfer] statute confers on the Federal Circuit authority to make a single decision upon concluding that it lacks jurisdiction -- whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court of appeals that has jurisdiction." *Christianson v. Colt Industries Operating Corp.* 486 U.S. 800, 818 (1988), quoting 28 U.S.C. § 1631. *See Boultinghouse v. Lappin*, 816 F. Supp. 2d 107, 112-13 (D.D.C. 2011) (quoted by plaintiff; *see* Tr. at 4), quoting *Tootle v. Secretary of Navy*, 446 F.3d 167, 173 (D.C. Cir. 2006), quoting *Christianson*.

The mandate rule is that "an inferior court has no power or authority to deviate from the mandate issued by an appellate court". *Briggs v. Pa. R. Co.*, 334 U.S. 304, 306 (1948). Upon receipt, the lower court "cannot vary it or examine it for any other purpose than execution." *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895). By contrast, the law of the case governs what issues were "actually decided, either explicitly or by necessary implication." *Toro Co. v. White Consol. Indus., Inc.*, 383 F.3d 1326, 1335 (Fed. Cir. 2004).

Consistent therewith, and given the argument that transfer is a court's independent duty to consider, this court may not presume that the appellate court did not implicitly consider the question of transfer on appeal when it explicitly remanded only "with instructions to dismiss the case." The Federal Circuit could have remanded with instructions to consider whether to transfer to another district court. *Cf. Schick v. United States*, 554 F.3d 992, 993, 996 (Fed. Cir. 2009) (remanding "with instructions that his complaint be dismissed" but "[i]n light of our holding regarding jurisdiction, the Court of International Trade should consider the applicability of the transfer statute"). It did not do so. Because the mandate expresses the law of the case, it must be read literally (and according to the maxim *expressio unius est exclusio alterius*) as an address of the relief the plaintiff would here seek. This court is bound not to deviate therefrom.

Even if that were not the case, and the appellate mandate could be interpreted as extending latitude for this court to consider whether the Distinct Court for the District of Columbia could even entertain jurisdiction, this court remains unpersuaded that jurisdiction over this matter would be proper in that district court, because the defendant is correct that the Court of International Trade is the court vested with *exclusive* jurisdiction over the *res* of the type of matter about which the plaintiff fundamentally complains, namely, the issuance of a pre-importation classification ruling

and the proper tariff classification of imported goods. *Cf.* 28 U.S.C. §1581(h). Whatever benefit the plaintiff believes accrued to it as a result of that pre-importation ruling, the foreign business harm that it alleges it suffered as a result of the Revocation Ruling is beyond the type of harm encompassed by the APA claim that the plaintiff would assert, which can theoretically only find expression via 28 U.S.C. §1581(i), because "engaging in foreign commerce is not a fundamental right protected by notions of substantive due process." *NEC Corp. v. United States*, 151 F.3d 1361, 1369 (1998), citing *Buttfield v. Stranahan*, 192 U.S. 470, 492-93 (1904).

The appellate mandate must be fulfilled. The renewed motion to transfer must therefore be denied. An amended judgment in conformity with the mandate will be issued separately.

                                                                    /s/ R. Kenton Musgrave
                                                                    R. Kenton Musgrave, Senior Judge

Dated:   June 18, 2015
         New York, New York